NO. 07-02-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 18, 2002

______________________________

RICKIE LYNN GRAVES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;

NO. 29,378-A; HONORABLE BRADY G. ELLIOTT, JUDGE

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: -6) 

Appellant Rickie Lynn Graves appeals from the trial court’s order denying his request for post-conviction Forensic DNA Testing pursuant to 
Tex. Code Crim. Proc. Ann
. art. 64.01 (Vernon Supp. 2003).
(footnote: 1)  By four points of error, appellant contends the trial court 1) applied the wrong standard of review in its denial of his motion for forensic DNA testing; 2) erred in denying his motion on the ground that exculpatory DNA test results would provide no evidence not already considered by the jury; 3) erred in finding that identity was not and had not become an issue in this case; and 4) erred in finding that appellant failed to show a reasonable probability of proving innocence if exculpatory results were obtained through DNA testing.  Based upon the following rationale, we affirm.

On June 3, 1997, appellant, an inmate, was searched by a correctional officer and found to be in possession of two marihuana cigarettes.  Subsequently, he was indicted on January 5, 1998, for prohibited substance in a correctional facility, twice enhanced, and convicted by a jury on April 16, 1998.  Appellant’s conviction was affirmed by the Fourteenth Court of Appeals on October 14, 1999, and his petition for discretionary review was refused on March 1, 2000.  On November 1, 2001, appellant filed a motion for post-conviction forensic DNA testing of the marihuana cigarettes introduced into evidence by the State during his trial.  After a hearing, the trial court denied his request by written order signed March 4, 2002.

Trial Court’s Findings

By written order signed March 4, 2002, the trial court found:

1) The evidence still exists.

2) The evidence is in the custody of the Fort Bend County District Clerk.

3) The evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect.

4) Identity was not an issue in the case.

5) Identity has not become an issue in the case.

5) Applicant has failed to show by a preponderance of the evidence that a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.
(footnote: 2)
Standard of Review for Chapter 64

In reviewing a trial court’s decision, we employ the bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).  That is, we afford almost total deference to a trial court’s determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor while we review
 de novo
 other application-of-law-to-fact issues.  Rivera v. State, No. 74,359, 2002 Tex.Cr.App. LEXIS 217, at *9 (Nov. 6, 2002).  The ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence is an application-of-law-to-fact issue which does not turn on credibility and demeanor and is therefore reviewed 
de novo
.  
Id.
  Therefore, in this case, the findings regarding the existence, location, and chain of custody of the evidence are afforded almost total deference, while the remaining findings are reviewed 
de novo
.
(footnote: 3)  We turn now to appellant’s specific contentions and address them in logical rather than sequential order.

By his first point of error, appellant contends the trial court applied the wrong standard of review in its denial of his motion for forensic DNA testing.  He argues the court applied a “new evidence” standard to his motion rather than the appropriate standards under article 64.03.  We disagree.  At the hearing on the motion for forensic DNA testing, the court announced

However, I do not believe the standard set by 6304 [
sic
], that the testing would show anything that wasn’t considered by the jury; therefore, I’m denying your motion.

Thereafter, the trial court signed a written order which substantively tracked the provisions of 
article 64.01.  Because appellant had been convicted of possession, not making of marihuana cigarettes, the trial court’s statements on the record, when taken in conjunction with the written order, indicate the trial court did in fact apply the appropriate review standards for the motion enumerated in the Code.  Point of error one is overruled.

By his second point, appellant contends that exculpatory evidence, 
i.e
., results obtained through DNA testing that one of the correctional officers hand-rolled either or both of the marihuana cigarettes, would have supported his trial claim that he did not possess the marihuana and that the claim of possession was fabricated by correctional officers.  Then, by his fourth point, appellant contends the trial court erred in finding he failed to show by a preponderance of the evidence a reasonable probability of proving innocence, if exculpatory results were obtained as a result of DNA testing.  We disagree and will consider these two points together.

We begin our analysis by first noting that article 64.01(b) provides that a motion for DNA testing may only request DNA testing of biological material previously secured in relation to the offense that is the basis of the challenged conviction.  Also, to be entitled to an order for DNA testing, among other things,  the convicted person must establish a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.  
Art. 64.03(2)(A).  

Although DNA testing of the two cigarettes when compared to DNA testing of appellant may show that appellant did not “roll” the cigarettes, it will not constitute evidence that any correctional officer hand rolled the cigarettes without DNA testing of samples of  biological material samples provided by
 
them.  However, because appellant’s right, if any,  to DNA testing is limited to biological material which was “secured in relation to the offense” for which he was convicted, he is not entitled to request that the court order the correctional officers to provide biological samples or an order requiring DNA testing of the newly acquired samples of biological material.  Considering that appellant was not entitled to an order requesting DNA testing of non-existent samples of biological materials provided by the correctional officers, the trial court did not err in finding that appellant failed to show by a preponderance of the evidence a reasonable probability of proving his innocence of the offense of possession of a prohibited substance.  Accordingly, points of error two and four are overruled.  Our disposition of points
 
two and four pretermits our consideration of appellant’s remaining points.

Accordingly, the order of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
-6:
John T.  Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1:
Added by Act of April 3, 2001, 77th Leg., R.S., ch.  2, § 2, 2001 Tex. Gen. Laws 2, 2-3.

2:
The record is silent as to appellant’s compliance with article 64.01 requiring a showing of prior unavailability, inadequacy, or reasons prior DNA testing was not accomplished.

3:
The trial court made no findings regarding whether the evidence was in a condition making DNA testing possible or that appellant met his burden of proving by a preponderance of the evidence the motion for DNA testing was not made for the purposes of delay.